# In The United States Court Of Appeals

# For The Fourth Circuit

| | | |
|---|---|---|
| **Under Seal** | ) | **FILED UNDER SEAL** |
| **vs** | ) | **No : 22-1438** |
| **Virginia Board Of Medicine** | ) | |

==================================================================

## Petition For Appeal

### From The U.S. District Court

### Eastern District Of Virginia

### Case No 1:20-cv-01406

**Pro Se,** Plaintiff humbly comes now, (███) kindly prays to the Honorable Court to consider appeal of order for Dismissal order by The US District Court dated ███████, & Final order dated ██████,based in error upon barring under res judicata for the following reasons:

As the Supreme Court explained more than 50 years ago in *Lawlor v. National Screen Service Corp.*, 349 U.S. 322 (1955), res judicata does not bar a suit, even if it involves the same course of wrongful conduct as alleged earlier, so long as the suit alleges new facts or a worsening of the earlier conditions. As detailed below:

### Background Introduction

   The Honorable District Court Judge had without a single hearing simply dismissed the case basing on error federalism and comity that thrown away the petitioner constitutional rights granted under the US constitution that protect a petitioner being a sealed informant lead witness in certain national matters of sensitive nature to the US Government against ,Ex. 1 (A,B) certain ███████ and ████████ ███████ ███████ on ██ ███ with ███ ████, ████████, and ███ for more than a decade , For his ████████ the US District

Court in Feb 2017 SEALED HEARING granted the petitioner the permission to apply for his ▮▮▮▮▮ that he ▮▮▮▮ with ▮▮▮▮, which was denied simply by the respondent ( ▮▮▮▮ of ▮▮ ) in its insistence on a public hearing after passing again all ▮▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮ in ▮▮▮▮ as well as other exams in ▮▮▮▮, and still demand answers on why Honorable Judge ▮▮ in ▮▮▮▮ Granted petitioner that permission, a request that not only cause obstruction of Justice but endanger ongoing federal and state investigations against these ▮▮▮▮▮ but will endanger the lives of certain ▮▮▮▮▮▮ with these defendants ▮▮ for ▮▮, therefore eventually ▮▮▮▮▮▮▮ was ▮▮▮ due to the ▮▮▮▮ of ▮▮ of ▮▮▮ to ▮▮ a ▮▮▮ or closed hearing even knowing upfront in all prior briefing of what the full circumstances is.

This is totally different of the respondent cause of action of" picking up the phone" and notifying a ▮▮▮▮▮ about the identity of the ▮▮▮▮▮▮ being the actual ▮▮▮▮▮▮▮ to the ▮▮ (Ex. C) to which he blown up the whistle about ▮▮▮▮ and ▮▮▮▮▮▮ in ▮▮▮▮, ▮▮▮▮ was the ▮▮▮▮▮▮ to the ▮▮ investigation against this ▮▮▮▮▮▮ and has been supplying all the ▮▮-needed to ▮▮▮▮▮▮▮, and the ▮▮▮▮▮ Of ▮▮▮ who received the ▮▮▮▮▮▮▮▮ the ▮▮ that ▮▮▮▮ ▮▮ will be ▮▮▮ in the ▮▮▮▮▮ of ▮▮▮▮▮▮▮ (Ex C ) of this ▮▮▮▮▮▮▮ in ▮▮▮ . The ▮▮▮▮▮▮▮ of ▮▮▮▮▮ that was given in ▮▮▮▮ to ▮▮ the ▮▮▮▮▮▮, however it was just within hours of that written assurance that Petitioner ▮▮▮ simply was thrown wide open to the other ▮▮▮ public departments that eventually ▮▮▮ ▮▮▮▮▮ to ▮▮ ▮▮ who immediately acted on his ▮▮▮▮▮ to ▮▮ any ▮▮ who ▮▮▮▮▮▮ about his wrongful ▮▮▮▮▮ petitioner ▮▮▮▮▮▮ from his only but had ▮▮▮ ▮▮▮▮ from ▮▮▮▮▮▮▮▮ by ▮▮▮▮▮ …or ▮▮ to his ▮▮▮▮▮ him to become ▮▮▮▮ and ▮▮▮▮ . Therefore , The ▮▮▮▮▮ of ▮▮ in the second suit brought is ▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮ ▮▮▮▮▮▮ (▮▮▮▮▮▮) and not losing his ▮▮▮ that was not even ▮▮▮▮▮▮ . Therefore , It is clear as detailed below that The <u>Res Judicata</u> condition does not apply here as this is a different set of facts ,conditions , ▮▮▮ harmful cause of action that led to petitioner health and job lose suffering (Ex D) , which is totally apart from him ▮▮▮▮▮▮▮▮▮ and not related to the ▮▮▮ having a ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮.

The Honorable Judge In error applied the 4th circuit ruling 1996 of the Case ref.

In Varat Enterprises,Inc United States Court Of Appeal , Fourth Circuit , April 23 1996

81 F.3d 1310 (4th Cir 1996) as if the circumstances, facts and conditions actually relay to petitioner case : Simple review shows the contrary as detailed below:

"" The present dispute arises from a voluntary bankruptcy petition filed by Varat Enterprises, Inc. ("Varat"), a clothing manufacturer located in South Carolina. Prior to the bankruptcy filing, the South Carolina law firm of Nelson, Mullins, Riley Scarborough ("Nelson, Mullins") had represented Varat in various legal matters. Specifically, Nelson, Mullins obtained for Varat an arbitration award of $356,944.94 against Fitigues, Inc., in 1992. Beginning in late 1991, Varat began experiencing financial difficulties and fell behind on its monthly payments to Nelson, Mullins for services rendered. After Varat filed for bankruptcy, the law firm ultimately asserted a secured claim which the bankruptcy and district courts ruled valid. First Union Commercial Corporation ("First Union"), Varat's largest creditor, now seeks to dispute Nelson, Mullins's claim.

On March 15, 1993, Varat filed a voluntary petition for relief pursuant to Chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. §(s) 101 et seq., in the Western District of North Carolina. Shortly thereafter, Nelson, Mullins filed an unsecured proof of claim asserting that Varat owed it $80,296.36 in legal fees and costs. After Varat filed a disclosure statement and a proposed plan of reorganization, Nelson, Mullins objected, claiming that the statement and plan — neither of which specifically addressed the owed attorneys fees — misclassified its claim as unsecured and impaired. The firm also filed an amended proof of claim asserting that its outstanding fees and costs were secured by virtue of an equitable lien on the 1992 Fitigues arbitration award which had in the meantime been affirmed. Varat did not object to Nelson, Mullins's amended claim. Instead, Varat filed an amended disclosure statement and plan of reorganization, inserting two new provisions: Paragraphs 2.8 and 8.8. Paragraph 2.8 established a classification for pre-petition, secured claims brought against Varat by its attorneys as follows:

2.8 Class 8: Attorney Lien Claims. This class is not impaired. Class 8 claims are the pre-petition claims, if any, against the Company by its attorneys that are secured under applicable non-bankruptcy law by a non-avoidable lien in the amount due the Company under any settlement agreement, arbitration award, or judgment. The Company will pay each allowed Class 8 claim out of the proceeds of the settlement agreement, arbitration award, or judgment to which the holder's lien attaches upon receipt of such proceeds.

Paragraph 8.8 specifically addressed the Fitigues matter, providing that "[t]he Arbitration Award, less the allowed amount of the Class 8 claim, if any, shall be paid to [First Union]." Believing that Class 8 specifically allowed its claim, Nelson, Mullins subsequently withdrew its objection at a September 16, 1993, hearing on the amended disclosure statement and supported the amended reorganization plan. First Union, which had made several commercial loans to Varat and its president over the years, also asserted a secured claim on various company assets, including the Fitigues arbitration award. First Union's claim for $7,935,368.00 was the only secured debt listed in Varat's disclosure statements or reorganization plans. At no time prior to confirmation of the amended plan did First Union assert any objections to Nelson, Mullins's claim or Varat's disclosure statements and proposed plans of reorganization. Instead, First Union, as the lender, voted in favor of the amended plan. During the November 8, 1993, confirmation hearing which both First Union and Nelson, Mullins attended, First Union accepted Varat's plan amendments in open court. The bankruptcy court then confirmed the amended plan on November 23, 1993. No appeal was taken.

Joshua E. Varat served as president and a principal shareholder of the company.

On January 12, 1994, First Union objected to Nelson, Mullins's claim for the first time, asserting that the claim was not secured. After a hearing on the objection, the bankruptcy judge ruled, in an order entered on March 1, 1994, that Nelson, Mullins's claim was secured. The judge found that the amended plan allowed Nelson, Mullins' claim as unimpaired under Class 8 and that First Union was barred from objecting to the claim after confirmation of the plan. He ordered Varat to pay Nelson, Mullins $73,896.35, the amount Varat contended that it owed.

Nelson, Mullins stipulated to this amount at the February 17, 1994, hearing on First Union's objection.

First Union appealed the decision. A magistrate judge reviewed the case and recommended that the district court reverse the bankruptcy court's order. However, the district judge affirmed. First Union then sought reconsideration of the decision, but the district court denied the motion on March 30, 1995. First Union filed a notice of appeal to this court on April 27, 1995.

Both the bankruptcy and district courts determined that First Union was barred from objecting to Nelson, Mullins's claim after confirmation of the amended plan of reorganization. The courts found that First Union had voted in favor of the amended plan. In addition, although First Union knew Nelson, Mullins had asserted an equitable lien prior to the confirmation hearing and had ample opportunity to contest either the claim or the amended plan, it failed to raise any objections until nearly two months after confirmation. The courts further found that Nelson, Mullins reasonably relied on First Union's silence. Consequently, each court held that Varat's amended plan allowed Nelson, Mullins's claim under Class 8 and ordered the debtor to pay the law firm."

In Short review analysis The First union Bank who gave permission to the secured lien of Varat owed to The law firm is simply coming back trying to re-litigate that it has the right for that debt in the re-orginazation bid of Varat bankruptcy filing . so the parties are different and the facts are different.

That is totally different from the Facts in the petitioner case as the petitioner never gave any permission to ▓▓▓ to ▓▓▓ and ▓▓▓ to any body as not only that is obstruction of justice but will ▓▓▓ as well as other ▓▓▓ .

Second The cause of action is different as detailed above , ▓▓▓ the ▓▓▓ of ▓▓▓ of ▓▓▓ The ▓▓▓ to ▓▓▓ ,

Third ,The result of action of The lose of license is not even come close to the endangerment of ▓▓▓ .

Res judicata consists of four elements: (1) a second action involving the same parties (or their privies) as the first; (2) a prior final, valid decision on the merits by a court of competent jurisdiction; (3) a second action arising out of the transaction or occurrence that was the subject matter of the first action; and (4) a second action raising claims that were or could have been litigated in the first action. *Portage Cty. Bd. of Comm'rs v. City of Akron*, 846 N.E.2d 478, 495 (Ohio 2006) (quoting *Hapgood v. Warren*, 127 F.3d 490, 493 (6th Cir. 1997)).

## 1. This Case Involves the Same Parties As in the Dec, 2019 Suit

Plaintiffs concede that the court has established this first requirement.

## 2. Prior final, valid decision on the merits by a court of competent jurisdiction :

The First case Final Dismissal with prejudice was based upon lack of Standing in Federal Court citing principle of Comity and Federalism Dkt.23 filed 02/19/2020 citing Huffman v. pursue 420 U.S. 592,603 without due process procedural discovery briefs or any witness or testimonial cross exam hearing , had Plaintiff had any chance of Discovery hearing as per Due process , The Honorable court would see that the merits of the case show errors that respondent ▓▓▓▓▓▓ Of ▓▓▓▓ actions:

a. ▓▓▓▓▓▓▓▓▓▓ that would give the applicant a fair chance to show without obstructing justice or ▓▓▓▓ with ▓▓▓▓▓▓ and ▓▓▓▓▓▓▓▓ against targeted defendants in which Applicant being the ▓▓▓▓▓▓▓ was ▓▓▓ UNDER SEAL by ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to ▓▓▓▓ the ▓▓▓▓▓▓ ▓▓▓▓ to ▓▓▓ for ▓▓▓▓▓▓▓▓ in ▓▓▓▓▓, so applicant would be violating Federal Seal order to ▓▓▓▓▓▓▓▓t ▓▓▓▓▓▓▓▓▓▓▓▓▓ against ▓▓▓▓▓▓ defendants in The ▓▓▓▓▓ of ▓▓▓▓▓ by the ▓▓▓▓▓▓▓▓▓▓ in which ▓▓▓▓▓▓ is the ▓▓▓▓▓▓▓▓ since ▓▓▓▓ ( Exhibit A & Ex. B) , ▓▓▓▓▓▓▓▓ to ▓▓▓▓ such information when ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and again ▓▓▓ ▓▓▓ about how did Judge ▓▓▓▓ ▓▓▓▓▓ ▓▓▓▓ ▓▓▓▓▓▓▓▓ ▓▓▓▓ for ▓▓▓▓▓ to ▓▓▓▓ to ▓▓▓▓ his ▓▓▓▓▓▓▓ ▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ for Fair Due process in ▓▓▓▓▓▓▓▓▓▓▓▓▓ CAUSING ▓▓▓▓▓▓▓▓▓▓▓ alleging that APPLICANT HAS STILL ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓ FOR ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ the ▓▓▓▓ of ▓▓▓▓▓▓▓▓▓▓▓▓▓ to ▓▓▓▓▓▓▓▓ of ▓▓▓▓▓▓ as the ▓▓▓▓▓▓▓ and ▓▓▓▓ the ▓▓▓▓▓▓ Of ▓▓▓▓▓▓ when plaintiff an ▓▓▓▓▓ of ▓▓▓▓▓▓▓ as a ▓▓▓▓▓▓▓▓▓ in a clinic that the plaintiff ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ his ▓▓▓▓▓▓▓▓▓ scheme to ▓▓▓▓▓▓▓▓▓▓. Noting plaintiff is a ▓▓▓▓▓▓▓▓▓ with his only ▓▓▓▓▓▓▓ at that time ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. C)

The Plaintiff is suing the ▓▓▓▓ because as the ▓▓▓▓ had c▓▓▓▓▓ to the ▓▓ that ▓▓▓ identity will stay ▓▓▓▓ and the ▓▓▓ relayed that assurance t▓▓▓▓▓ while his still ▓▓▓▓▓▓ any more ▓▓▓▓▓▓▓▓▓▓ more evidence of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ , Suddenly and without any notice behind ▓▓▓▓ and the ▓▓ ▓▓▓ ▓▓▓ the ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ by ▓▓▓ to his own boss , causing hi ▓▓▓▓▓▓▓▓▓▓▓▓ of his ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ exposing him to the ▓▓▓▓▓▓▓▓ and ▓▓▓ and ▓▓▓▓▓ to ▓▓▓▓▓▓▓▓▓▓ causing ▓▓▓▓▓▓▓▓ to ▓▓▓▓▓▓ and his ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ C & Ex. D.

So although the parties of both cases are the same , but the actions are not and the result are different and the chain of circumstance and events are different, Plaintiff job working as a ███████ as verified by the ███,( Ex. C) had nothing to do being ████████████ or not , so the fact that the First case cause of action that resulted in ███ to plaintiff had no relation to ███ getting a Job as a ███ ███ to support ████████████ . IF The ███ would had ████ ██ a ████████ back in ███ or ███ that is needed to complete ██████ outlined to successful completion of The ████████████████████████████ in ███ ███████ by the ███ of ████████████ of ███████████ , then ██ ████████ be ███████ AS A ████████████████████████████ ████████████████████OF ████████████████ , but █████████████ ███ the ████ of ███ as the ████████████ , ████████ would have his ████████████████ and sparred him the ███ and █████████████ ████████████████.

<u>b.</u>  <u>Moreover , Plaintiff cant ██████ or ██████ sealed investigation ██████ to ██████ in his First case ██████ for the Sake Of Justice as detailed below:</u>

[redacted paragraph]

Remaing Brief Pages Fully Under Seal to protect Sealed Materials Per Court Orders

# Certificate of Confidentiality

Confidentiality Authority Under prior court orders:

All Included materials ,Exhibits ,Evidences and documents submitted in the Appeal mater of Under seal vs Virginia Board of Med has been placed under seal for the Good cause, safety and privacy of the under seal due to his status as sealed witness to the Government in related matter of sensitive matters of certain nature against certain targeted defendants.

i) United States Supreme Court 2021

ii) United States Court Of Appeal for the 4th Circuit 2021

iii) United States Eastern District Court of Virginia 2019-2021

iv) Virginia Supreme Court 2022

v) Virginia court of appeals 2019

vi) Virginia circuit court in Fairfax county 2018

details all included in attached document .

kindly submitted

under seal